UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>v.<br><br>KHARY SHERIFF ARRINGTON,<br><br>*Defendant*. | Crim. Action No.: 3:14-cr-104 (PGS)<br><br>**MEMORANDUM<br>AND ORDER DENYING<br>MOTION FOR COMPASSIONATE<br>RELEASE** |

THIS MATTER comes before the Court on Defendant Khary Sheriff Arrington's motions for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 27, 31, 37.) Arrington, a prisoner serving a term of 144 months, argues that his immediate release is justified by (1) his recent diagnosis of COVID-19 and also his obesity, and prediabetes, which put him at risk for severe illness from reinfection; (2) his model behavior as a prisoner; and (3) he has served the vast majority of his sentence. The Court heard oral argument on March 23, 2021. For the reasons stated below, Arrington's motions are denied.

I.

By way of background, Arrington was arrested on April, 11, 2013 after DEA and other law enforcement agencies conducted an investigation into a heroin operation involving Arrington as the supplier, Nesnit Delgadillo as the runner, and Duval Moore as the buyer. On May 3, 2012, in Plainfield, New Jersey, Arrington supplied 196.5 grams of heroin to Delgadillo and directed her to drive to Asbury Park, New Jersey to deliver it to Moore. Agents executed a search warrant that night and found 60 bricks of heroin in a silver thermal bag in a garbage can along the side of Moore's home. (PSR ¶¶ 1-12.)

1

Arrington pled guilty to one count of conspiracy to distribute heroin contrary to 21 U.S.C. § 846 and 21 U.S.C. § 841. On July 16, 2014, this Court sentenced Arrington to 144 months imprisonment and 5 years of supervised release. (Judgment, ECF No. 23.) A long criminal history of selling narcotics made Arrington a career offender, which increased jail time significantly. (PSR at 38.)

Arrington is presently housed at FCI Fort Dix. His projected release date is July 2, 2022, but he is scheduled for early release to a Residential Reentry Management Center ("RRC") on or about July 6, 2021. (Gov't Br. 1.) He will be 43 years old in July, 2021. During his time in prison, Arrington has completed a number of education courses and received his GED. On April 14, 2020, he completed the Residential Drug Treatment Program ("RDAP"). He went on to serve "in the role of Mentor and Big Brother to his junior peers. . . . and has been an influential and active member within the community . . . ." (Letter from Program Coordinator, ECF No. 28.) To date, he has no documented infractions (Moving Br. 3), and has "maintained clear conduct while incarcerated." (Gov't Br. Ex. 1 at GOVT 006.)

Arrington is pre-diabetic and has a BMI hovering around 30, the bottom limit of obesity according to the CDC.[1] He tested positive for COVID-19 on January 6, 2021. According to BOP medical records, after ten days, he denied any symptoms. (Gov't Br. Ex. 2 at GOVT 019.) Arrington avers that he currently suffers from chest pains and migraines since contracting COVID-19. (Moving Br. 3.) On February 3, 2021, a chest x-ray was performed, and there was no "radiographic evidence of acute cardiopulmonary process." (Gov't Br. Ex. 3 at GOVT 349.)

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html

Presently, BOP reports that there are 40 positive staff and 6 positive inmates at FCI Fort Dix; 51 recovered staff and 1806 recovered inmates, and 2 inmate deaths. *See Federal Bureau of Prisons, COVID-19 Coronavirus* (last updated April 18, 2021), *available at* https://www.bop.gov/coronavirus/.

On July 28, 2020, Arrington applied to the warden of FCI Fort Dix for compassionate release. The Warden denied the request on August 17, 2020. The Warden stated that Arrington's medical conditions were stable and under control. Arrington first filed a pro se motion with the Court for compassionate release without having exhausted his administrative remedies. (ECF No. 27.) After this issue was addressed, he filed another pro se motion (ECF No. 31). Presently, the Government does not contest compliance with administrative exhaustion requirements. (Gov't Br. 9.) On January 29, 2021, Arrington's counsel filed a supplemental motion before the Court. (ECF No. 37.)

II.

A court may grant a compassionate release motion if the criteria in 18 U.S.C. § 3582(c) are satisfied. Since the exhaustion requirement is conceded, a court may reduce an inmates' sentence if the modification is justified by "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). According to the Sentencing Commission's policy statement, a defendant's medical condition, age, family circumstances, or "other reasons" may be grounds to find that "extraordinary and compelling reasons" for compassionate release exist. U.S. Sent'g Guidelines Manual (USSG) § 1B1.13 cmt. n.1(A)-(D) (U.S. Sent'g Comm'n 2018).

Courts have considered what "other reasons" are sufficient to warrant release under the "extraordinary and compelling" provision. In light of the COVID-19 pandemic, courts have

often, but not always, deferred to the CDC's list of underlying medical conditions that increase one's risk of severe illness from the virus. *See, e.g.*, *United States v. Henderson*, No. CR 15-0329 (ES), 2020 WL 5055081, at *4 (D.N.J. Aug. 26, 2020). However, the Third Circuit has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Even if extraordinary and compelling circumstances for compassionate release are present, a court may deny the requested relief if the 18 U.S.C. § 3553(a) factors do not weigh in favor of the defendant's release. *See, e.g.*, *United States v. Pawlowski*, 967 F.3d 327 (3d Cir. 2020).

### III.

Arrington has not shown that extraordinary and compelling reasons exist to warrant a sentence reduction. The CDC classifies obesity as a condition that puts people at an increased risk of severe illness from COVID-19. *See* People with Certain Medical Conditions (last updated Dec. 1, 2020), *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. The Government has conceded in several cases that morbid obesity constitutes an extraordinary and compelling reason for release; *see, e.g., United States v. Lagares*, No. 10-cr-392-13 (CS), 2020 WL 4573054 (S.D.N.Y. Aug. 7, 2020); *United States v. Wilson*, No. 15-cr-256, 2020 WL 4805048 (W.D. Pa. Aug. 17, 2020); and courts have granted release where obesity is combined with other serious health factors, such as diabetes and hypertension. *See, e.g., United States v. Handy*, 3:10-cr-00128-RNC-8, 2020 WL

2487371 (D. Conn. May 14, 2020); *United States v. Barber*, 6:18-cr-00446-AA, 2020 WL 2404679 (D. Or. May 12, 2020).

Here, Arrington's medical records show he is obese and has prediabetes. He also contracted COVID-19, but was essentially asymptomatic except for loss of taste and smell at times. Courts have granted relief to vulnerable defendants who contracted COVID-19, recognizing the risk of relapse and reinfection, and others have denied relief reasoning that a recovery shows BOP provides adequate medical care. *Compare United States v. Sholler*, 2020 WL 2512416, *5 (N.D. Cal. 2020) (finding defendant at higher risk of reinfection) *and United States v. Halliburton*, 2020 WL 3100089, *4 (G.D. Ill. 2020) (recognizing very real risk of relapse or severe side effects from COVID- 19) *with United States v. Adams*, 2020 WL 4505621, at *3 (S.D.N.Y. Aug. 4, 2020) ("fact remains that he has already contracted, and seemingly recovered from, COVID-19") and *United States v. Buford*, 2020 WL 4040705, at *1 (E.D. Mich. July 17, 2020). Arrington's statements that he suffers from chest pains and migraines since contracting COVID-19 have not been documented by medical personnel. In fact, a chest x-ray showed no abnormalities. These medical impairments do not give rise to an extraordinary and compelling reason for modification of Arrington's sentence.

Alternatively, if an extraordinary and compelling reason was shown, one of the § 3553(a) factors weighs against earlier release. The Court recognizes that Arrington progressed positively during his period of incarceration; but the BOP classifies Arrington as a medium risk for recidivism (Gov't Br. Ex. 1 at GOVT 006.). Since Arrington has an extensive history of selling narcotics, specific deterrence is a concern in light of his past conduct. In addition, no employment plan has been presented to the Court, though he has been employed in a great number of businesses prior to incarceration, including his mother's restaurant. (PSR ¶¶ 117-120.)

If released, Arrington plans to live with his mother in South Carolina. Although she is an ardent supporter of her son, both are recovered addicts, and professional support is most likely necessary. As such, his transfer to the Residential Recovery facility in July, 2021 will provide more supervision and time to plan for his reentry, including securing employment and professional support. Arrington's request to modify his term of incarceration is denied.

## ORDER

THIS MATTER having come before the Court on Defendant Khary Sheriff Arrington's Motions for Compassionate Release, (ECF Nos. 27, 31, 37); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons;

IT IS on this 30th day of April, 2021,

ORDERED that Defendant's motions for compassionate release, (ECF Nos. 27, 31, 37), are DENIED.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.